FILED
United States Court of Appeals
Tenth Circuit

January 29, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL K. LOLLIS,

      Petitioner - Appellant,

v.

LOU ARCHULETA, Warden, FCF;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents - Appellees.

No. 13-1413
(D.C. No. 1:13-CV-01436-LTB)
(D. Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HARTZ**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

After Michael Lollis pleaded guilty to three counts of sexual assault, one count of criminal attempt to commit sexual assault, and three crime of violence counts, a Colorado state court sentenced him to 120 years to life in prison. Before sentencing, Mr. Lollis argued that his plea was not voluntarily made because he was on medication that interfered with his decision-making and his counsel had not advised him of his rights. The trial court appointed Mr. Lollis

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

alternate counsel to investigate his claims, but alternate counsel informed the court they were baseless. Mr. Lollis unsuccessfully sought state post-conviction relief on the same grounds and eventually filed a federal habeas petition under 28 U.S.C. § 2254. The district court, however, dismissed Mr. Lollis's petition after determining that it was untimely, *see* 28 U.S.C. § 2244(d)(1), and that none of the potential grounds for statutory or equitable tolling of the limitations period could save the petition. Seeking to appeal that dismissal, Mr. Lollis asked the district court for a certificate of appealability ("COA"), which the court denied. Now before this court, Mr. Lollis renews his request for a COA.

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And where, as here, the district court dismisses a § 2254 petition on procedural grounds, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We see no way, however, in which reasonable jurists might debate the district court's conclusion that Mr. Lollis's petition is time barred. Mr. Lollis does not challenge any of the district court's findings. Instead, he argues that the district court erred by failing to consider his argument that he did not make his plea voluntarily. But absent circumstances not present here, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) bars district courts from

considering the merits of untimely habeas petitions.  See 28 U.S.C. § 2244(d)(1).

The one-year limitations period for filing a federal habeas petition began running

when Mr. Lollis's conviction became final on March 29, 2010.  He did not file

this petition until May 28, 2013.  To be sure, the statute of limitations clock was

tolled during some of this period because of his pending motions in state court

seeking collateral review.  *See* 28 U.S.C. § 2244(d)(2).  But even accounting for

Mr. Lollis's state court motions and their capacity to stop the clock, three periods

of time remain that, when combined, render his federal application untimely:

March 29, 2010 to April 12, 2010, July 12, 2010 to March 18, 2011, and July 12,

2012 to May 28, 2013.

Neither can we equitably toll Mr. Lollis's limitations period:  that sort of

tolling requires that Mr. Lollis show "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way."  *Yang

v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks

omitted).  Before the district court and now on appeal, Mr. Lollis hasn't attempted

either showing.

Given that Mr. Lollis's habeas application is time barred, we do not need to

address the district court's alternative holding that his federal habeas claim is

procedurally defaulted.  The application for a COA is denied and the appeal is dismissed.  Mr. Lollis's motion to proceed *in forma pauperis* is denied.  Mr. Lollis is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge